IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.   5:11-CV-200-FL

JENNIFER L. YOUNGMAN,       )
                               )
       Plaintiff,          )
                               )
v.                        )      **MEMORANDUM &amp;**
                               )      **RECOMMENDATION**
MICHAEL J. ASTRUE        )
Commissioner of Social Security,  )
                               )
       Defendant.        )

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings.  (DE's-28, 34).   Plaintiff has responded to Defendant's motion (DE-36), and the time for the parties to file any further responses or replies has expired.   Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1), this matter is before the undersigned for the entry of a Memorandum and Recommendation.   For the following reasons, it is HEREBY RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-28) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-34) be DENIED.   Specifically, it is RECOMMENDED that the matter be remanded.

**I.   Statement of the Case**

Plaintiff filed an application for disability insurance benefits ("DIB") on April 14, 2008. (Tr. 14).   In her application Plaintiff alleged a disability onset date of April 1, 2008.  *Id.*   Her application was denied initially and upon reconsideration.   *Id.*   A hearing was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled in a decision

1

dated June 16, 2010.  *Id.* at 14-24.  The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on March 24, 2011, rendering the ALJ's determination as Defendant's final decision.  *Id.* at 1-4.  Plaintiff filed the instant action on April 25, 2011.  (DE-1).

## II.   Standard of Review

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589.   Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453,

2

1456 (4th Cir. 1990).

## III.   Analysis

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the five-step evaluation.   First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2008.   (Tr. 16).   Next, the ALJ found that Plaintiff suffered from the following severe impairments:  1)  bilateral carpal tunnel syndrome; 2) migraines; 3) depression; 4) panic attacks; and 5) bipolar/confusion  *Id.*  Despite specifically finding that Plaintiff's migraines were a severe impairment, the ALJ nonetheless later added that Plaintiff's "migraines  . . . exist but are with no related complications."  *Id.* at 19.   Ultimately, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1.  *Id.* at 16-17.

3

The ALJ then assessed Plaintiff's residual functional capacity ("RFC"). *Id.* at 17-18. Specifically, the ALJ determined that Plaintiff had the RFC to:

> to perform medium work as defined in 20 CFR 404.1567(c) except as follows: work limited to simple details and 1-2 step tasks; able to understand and remember directions for simple repetitive tasks (has severe issues with remembering details, making simple work related decisions, respond to authority, changes in workplace, travel to unfamiliar places); can maintain concentration, persistence and pace up to 2 hours at a time followed by a short break; able to work in a low stress environment with no production and/or pace; occasional interaction with co-workers; no interaction with public, no work decision, no judgment; occasional supervision, no routine work changes.
>
> *Id.* at 17.

In reaching this RFC determination, Plaintiff did not accord "controlling weight" to the medical source statements of Dr. April Wellborn and Dr. Martin Urda. *Id.* at 20-21. The ALJ then proceeded with her analysis and determined that Plaintiff was unable to perform any past relevant work. *Id.* at 22. However, based in part on the testimony of a vocational expert "(VE"), the ALJ found that there were jobs that Plaintiff could perform and that these jobs existed in significant numbers in the national economy. *Id.* at 23. Therefore, the ALJ determined that Plaintiff was not under a disability at any time through the date of his decision. *Id.* at 23-24.

For the following reasons, the undersigned recommends that the ALJ's June 16, 2010 decision be remanded.

## **The ALJ's decision is internally inconsistent**

The ALJ determined that Plaintiff's migraine headaches were a severe impairment. (Tr. 16). A severe impairment "significantly limits an individual's physical or mental abilities to do basic work activities" SSR 96-3p, 1996 WL 374181, *1. *See also*, Taylor v. Astrue, 2012 WL 294532, * 3 (D. Md. January 31, 2012). However, despite finding that Plaintiff's migraine

4

headaches were severe, she later asserts that they "exist but are with no related complications." (Tr. 19). Likewise, despite specifically finding that Plaintiff's migraine headaches significantly limited Plaintiff's ability to do basic work activities, the ALJ did not include any restrictions in Plaintiff's RFC related to this impairment. *Id.* at 17. The medical record suggests, *inter alia*, that Plaintiff's migraines would not allow her to work at height and around hazards. *Id.* at 252.

Defendant notes that the ALJ was citing to the medical record when she stated that Plaintiff's migraines had "no related complications." *Id.* at 19, 381, 383. This may be true, but this does not change the fact that the ALJ ultimately found that Plaintiff's migraine headaches were a severe impairment despite the inclusion of that statement in the medical record. To determine that a "severe" impairment does not limit an individual's ability to do work is logically inconsistent. Accordingly, this matter should be remanded.

**The ALJ erred in evaluating the opinions of treating physicians**

Plaintiff attended at least 34 sessions of cognitive behavioral therapy with Dr. April Welborn. *Id.* at 391. Dr. April Welborn determined on May 15, 2009 that Plaintiff was severely limited in her ability to: 1) remember detailed instructions; 2) make simple work-related decisions; 3) respond appropriately to criticism from supervisors; 4) respond appropriately to changes in the work setting; and 5) travel in unfamiliar places or use public transportation. *Id.* at 384-385. In addition, Plaintiff's mental impairments moderately limited her in several other areas. *Id.* During another examination, Dr. Welborn opined that Plaintiff "is still unable to work a fulltime job or a part-time job due to her anxiety." *Id.* at 392. Specifically, Dr. Welborn stated that Plaintiff "is overwhelmed easily by work." *Id.*

Dr. Martin Urda began treating Plaintiff on August 4, 2008. *Id.* at 387. On May 26, 2009, Dr. Urda determined that Plaintiff was severely limited in her ability to: 1) respond

appropriately to criticism from supervisors; and 2) travel in unfamiliar places or use public transportation. *Id.* Plaintiff was deemed moderately limited in seven additional categories. *Id.* at 386-387.

The ALJ gave neither Dr. Welborn's nor Dr. Urda's opinion controlling weight. Specifically, the ALJ determined:

> The assigned functional limitations, *supra,* are an issue reserved to the Commissioner . . . [M]edical source opinions on issues reserved to the Commissioner are not accorded "controlling weight" and are not *per se* dispositive . . .
>
> Dr. Wellborn, who has only treated claimant since February 2009, finds claimant has multiple areas of "severe" functional limitation. It appears this conclusion was based on claimant's subjective complaints of symptoms present prior to March 2007 through present time. Subjective complaints must be supported by objective evidence. Alone, they may never establish the existence of a disabling medically determinable impairment.
>
> To the contrary, Dr. Urda, who has treated claimant since August 4, 2008, finds claimant has mostly mild to moderate functional limitations.
>
> *Id.* at 21-22. .

Ultimately, the ALJ determined "that I given [sic] no 'controlling' weight to either opinion because the opinions are contradictory insofar as claimant's perceived areas of mental functional limitation, and not well-supported by the objective medical evidence of record." *Id.* at 22. The first portion of this statement is largely unintelligible. Indeed, Defendant essentially concedes that "the ALJ's rationale was less than ideal . . ." (DE-35, pg. 21). Moreover, the ALJ fails to specifically identify the "objective medical evidence of record" she mentions. An ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record . . ." SSR 96-2p, 1996 WL 374188, * 5. *See also,* McCurry v. Astrue, 2010 WL 3786099, * 6 (D.S.C. July, 29, 2010)(" The requirement that an ALJ

must give specific reasons for discounting a treating physician's testimony is well-established").

Likewise, the ALJ also failed to indicate what weight she assigned to either medical opinion. "[A] treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." SSR 96-2p, 1996 WL 374188, * 4. Therefore, the ALJ's opinion "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p, 1996 WL 374188, * 5. *See also*, Smith v. Barnhart, 395 F.Supp. 2d 298, 307 (E.D.N.C. September 29, 2005)(an ALJ must "go through the exercise of carefully balancing the evidence, assigning weights to the competing opinions of the treating physician and the DDS physicians, and explaining rationale for doing so."). Here, the ALJ failed to do so, and this failure merits remand.

**The ALJ presented the VE with an improper hypothetical**

An ALJ has "great latitude in posing hypothetical questions [to a VE] and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." *Id*. at * 5. The ALJ is required only to "pose those [hypothetical questions] that are based on substantial evidence and accurately reflect the plaintiff's limitations . . ." France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. March 13, 2000). Here, the ALJ's hypothetical to the VE did not accurately reflect the Plaintiff's limitations.

Specifically, the ALJ failed to include any restrictions related to Plaintiff's migraine headaches or carpal tunnel syndrome in her hypothetical question to the VE. (Tr. 59-75). The ALJ's inconsistent findings regarding Plaintiff's migraine headaches have already been discussed. In addition, the ALJ also found that Plaintiff "is restricted as follows: no constant handling or fingering due to bilateral carpal tunnel syndrome and mild tremors." *Id*. at 19. Despite this

finding, the ALJ included no related limitations in her hypothetical to the ALJ.  *Id*. at 59-75.
Defendant concedes that "it is unclear whether the ALJ adopted these limitations", but nonetheless
argues that any error was harmless.  (DE-35, pg. 15-17).  The undersigned disagrees.  On the
contrary, the VE specifically testified that Plaintiff would not be able to maintain employment if
she had a migraine and was out of work two days a month.  (Tr. 74).  This error also merits
remand.

### Conclusion

For the reasons discussed above, it is HEREBY RECOMMENDED that Plaintiff's Motion
for Judgment on the Pleadings (DE-28) be GRANTED, and that Defendant's Motion for Judgment
on the Pleadings (DE-34) be DENIED.   Specifically, it is RECOMMENDED that the matter be
remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consisting with
the foregoing.

SO RECOMMENDED, in Chambers at Raleigh, North Carolina on Tuesday, February 21, 2012.


_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

8